**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Jennifer N. Caringal
jcaringal@rgrdlaw.com

September 18, 2015

VIA ECF

The Honorable Richard M. Berman
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

  Re: *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 1:14-cv-09764-RMB-SN

Dear Judge Berman:

  Plaintiff Royal Park Investments SA/NV ("RPI") respectfully submits the September 8, 2015 Opinion and Order issued by Judge Jesse M. Furman in *Fixed Income Shares: Series M, et al. v. Citibank N.A., et al.*, No. 1:14-cv-09373-JMF (S.D.N.Y. Sept. 8, 2015) (Furman, J.) ("*Citibank* Order") (attached hereto as Ex. A) in further support of Plaintiffs' Joint Memorandum of Law in Opposition to Defendants' Joint Motion to Dismiss filed on May 30, 2015 (Dkt. No. 33) ("Opposition"). In relevant part, Judge Furman denied defendants' motion to dismiss with respect to plaintiffs' claims for breach of contract and breach of fiduciary duty relating to the duty to avoid conflicts of interest based on facts substantively similar to those before this Court.

  With respect to the breach of contract claims, Judge Furman held that at the pleading stage, plaintiffs' allegations that the trustee had knowledge of both the sellers' breaches of representations and warranties ("R&Ws") and Events of Default were sufficient based on: (i) high default rates and loan modifications; (ii) the trustee's involvement as servicer for other RMBS trusts with breaches of R&Ws; (iii) the trustee's involvement in RMBS litigation involving similar allegations; (iv) and high profile litigation and settlements implicating the same originators and sponsors involved with the trusts at issue. *Citibank* Order at 17-18, 20-21. Here, RPI asserts that Wells Fargo Bank, N.A. ("Well Fargo") had knowledge of R&Ws and Events of Default based on substantially similar allegations. Opposition at 19-26.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Richard M. Berman
September 18, 2015
Page 2

      Judge Furman also rejected defendants' contention, as Wells Fargo asserts here, that plaintiffs' tort claims were duplicative of their contract claims, finding that plaintiffs' fiduciary duty claims were based on extra-contractual duties that warranted a separate tort claim. *Citibank* Order at 22. Judge Furman further concluded that plaintiffs had adequately pled a conflict of interest based on allegations – similar to those pled by RPI here – that the trustee itself was engaged in the same type of wrongful conduct in its role as an originator or sponsor for other trusts that involved the same parties. *Id.* at 22-23. Because of its own misconduct, the trustee did not take action for fear of retaliation from the same servicers and sellers that functioned as trustees for the other trusts that the trustee was an originator or sponsor for. *Id.*

                                                   Respectfully submitted,

                                                   JENNIFER N. CARINGAL

JNC:cac

cc:      All Counsel of Record

1075365_1