**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others Similarly
Situated,

                       Plaintiff,

        v.

WELLS FARGO BANK, N.A., as Trustee,

                    Defendant.

Case No. 14-CV-9764 (KPF)(SN)

**ECF Case**

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT WELLS FARGO BANK, N.A. TO THE AMENDED CLASS ACTION COMPLAINT

Defendant Wells Fargo, by and through its undersigned counsel, responds as follows to the allegations in the amended class action complaint filed by Plaintiff (the "Complaint"). Wells Fargo incorporates into each response a denial of each and every allegation in the Complaint except with respect to those specific allegations expressly admitted herein. Further, Wells Fargo denies any and all averments in the headings and subheadings of the Complaint. Wells Fargo further responds to the specific allegations in the Complaint as follows:

1. Wells Fargo denies the allegations contained in Paragraph 1 of the Complaint, except that Wells Fargo admits that Wells Fargo serves as Trustee ("Trustee"), as defined in the relevant governing agreements ("Governing Agreements"), to the Covered Trusts.

2. Wells Fargo states that Paragraph 2 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except Wells Fargo admits the

Covered Trusts are not governed by indentures.

3.   Wells Fargo states that Paragraph 3 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 3 of the Complaint, except that Wells Fargo admits (a) that it has been sued by Plaintiff for the claims identified in Paragraph 3, and (b) the allegations contained in footnote 2.

4.   Wells Fargo states that Paragraph 4 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 4 of the Complaint, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent that Paragraph 4 refers to a writing, Wells Fargo refers to that writing for its complete and accurate contents.

5.   Wells Fargo states that Paragraph 5 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 5 of the Complaint, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves.   To the extent that Paragraph 5 refers to a writing, Wells Fargo refers to that writing for its complete and accurate contents.

6.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent that Paragraph 6 refers to a writing, Wells Fargo refers to that writing for its complete and accurate contents.

7.   Wells Fargo states that Paragraph 7 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 7 of the Complaint, except that Wells Fargo admits Wells Fargo's and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements and the Governing Agreements contain representations and warranties.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves.  To the extent that Paragraph 7 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

8.   Wells Fargo states that Paragraph 8 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 8 of the Complaint, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 8 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

9.  Wells Fargo states that Paragraph 9 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 9 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

10.  Wells Fargo states that Paragraph 10 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 10 of the Complaint. To the extent Paragraph 10 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

11.  Wells Fargo states that Paragraph 11 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 11 of the Complaint, except that Wells Fargo admits that Wells Fargo's and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves.  To the extent Paragraph 11 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

12.  Wells Fargo states that Paragraph 12 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 12 of the Complaint, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 12 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

13.  Wells Fargo states that Paragraph 13 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 13, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 13 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

14.  Wells Fargo states that Paragraph 14 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 14, except Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning the vitality of reporting R&W breaches. To the extent Paragraph 14 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

15.   Wells Fargo states that Paragraph 15 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 15. To the extent Paragraph 15 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

16.   Wells Fargo states that Paragraph 16 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 16.

17.   Wells Fargo states that Paragraph 17 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 17. To the extent Paragraph 17 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

18.   Wells Fargo states that Paragraph 18 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 18. To the extent Paragraph 18 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

19.   Wells Fargo states that Paragraph 19 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 19. To the extent Paragraph 19 refers to writings, Wells Fargo refers to

those writings for their complete and accurate contents.

20.  Wells Fargo states that Paragraph 20 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 20, except Wells Fargo admits it had contractual relationships with certain loan originators, warrantors, and servicers of RMBS trusts pursuant to the terms of the Governing Agreements. To the extent Paragraph 20 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

21.  Wells Fargo states that Paragraph 21 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 21. To the extent Paragraph 21 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

22.  Wells Fargo states that Paragraph 22 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 22, except Wells Fargo admits that it acts as servicer for loans for other RMBS trusts not at issue in this case. To the extent Paragraph 22 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

23.  Wells Fargo states that Paragraph 23 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 23, except Wells Fargo admits it was a warrantor for mortgage loans in

other RMBS trusts not at issue in this case. To the extent Paragraph 23 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

24.   Wells Fargo states that Paragraph 24 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 24. To the extent Paragraph 24 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

25.   Wells Fargo denies the allegations contained in Paragraph 25, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kurt Eggert's testimony before the U.S. Senate Banking, Housing and Urban Affairs Committee, and Wells Fargo admits that Plaintiff has selectively quoted from a June 15, 2013 New York Times Article and a 2011 paper from the Yale Journal of Regulation.

26.   Wells Fargo states that Paragraph 26 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 26.

27.   Wells Fargo states that Paragraph 27 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 27. To the extent Paragraph 27 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

28.   Wells Fargo states that Paragraph 28 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is

required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Wells Fargo states that Paragraph 29 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, except Wells Fargo admits it has offices within the geographic borders of the Southern District of New York.

30. Wells Fargo states that Paragraph 30 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Wells Fargo denies the truth of the allegations contained in Paragraph 31, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the initial ratings of the RMBS by unidentified credit rating agencies.

32. Wells Fargo states that Paragraph 32 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the truth of the allegations contained in Paragraph 32.

33. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. To the extent Paragraph 33 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

34. Wells Fargo states that Paragraph 34 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the allegations

contained in Paragraph 34, except that Wells Fargo admits the term "Certificateholder" is

defined in the Governing Agreements.  By way of further response, Wells Fargo incorporates

and relies upon the Governing Agreements, which are written contracts the terms of which speak

for themselves.. To the extent Paragraph 34 refers to writings, Wells Fargo refers to those

writings for their complete and accurate contents.

     35.  Wells Fargo states that Paragraph 35 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the allegations

contained in Paragraph 35, except that Wells Fargo admits that Wells Fargo's obligations related

to the Trusts have been set forth in the Governing Agreements.  By way of further response,

Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts

the terms of which speak for themselves. To the extent Paragraph 35 refers to writings, Wells

Fargo refers to those writings for their complete and accurate contents.

     36.  Wells Fargo states that Paragraph 36 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the allegations

contained in Paragraph 36, except that Wells Fargo admits that Wells Fargo's and other deal

parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By

way of further response, Wells Fargo incorporates and relies upon the Governing Agreements,

which are written contracts the terms of which speak for themselves. To the extent Paragraph 36

refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

     37.  Wells Fargo states that Paragraph 37 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 37, except that Wells Fargo admits that Wells Fargo's obligations and Certificateholders' rights and obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 37 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

38.   Wells Fargo states that Paragraph 38 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 38, except Wells Fargo admits (a) Wells Fargo's main office is in South Dakota, (b) Wells Fargo has served as Trustee for the Covered Trusts, and (c) Wells Fargo has served as trustee for hundreds of RMBS trusts. To the extent Paragraph 38 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

39.   The allegations in Paragraph 39 state characterizations of the "securitization process" to which no response should be required. To the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, except Wells Fargo admits it has served as Trustee in respect of the Covered Trusts, and Wells Fargo denies it "profited handsomely, and continues to profit, from the explosion in RMBS trusts caused by the skyrocketing sales, as it is an RMBS trustee to hundreds of RMBS trusts, including the Covered Trusts." To the extent Paragraph 39 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

11

40.   The allegations in Paragraph 40 state characterizations of what "RMBS securitizations involve" to which no response should be required.  To the extent a response is required, Wells Fargo denies the allegations contained in Paragraph 40, except Wells Fargo admits that RMBS securitizations can involve thousands of residential mortgage loans, and RMBS, and that RMBS may be traded over-the-counter.

41.   The allegations in Paragraph 41 state characterizations of the creation of RMBS to which no response should be required.  To the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, except Wells Fargo admits that origination of a mortgage loan can involve the lending of money to borrowers who purchased residences, and the Mortgage Loans that were ultimately transferred to the Covered Trusts were originated by lenders.

42.   The allegations in Paragraph 42 state characterizations of the aggregation and conveyance of mortgage loans to which no response should be required.  To the extent a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except Wells Fargo admits that Mortgage Loan Purchase Agreements govern at least some of the loan purchases that ultimately were placed into the Covered Trusts.  To the extent Paragraph 42 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

43.   Wells Fargo states that Paragraph 43 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except Wells Fargo admits the Governing Agreements for the Covered Trusts, in certain

circumstances, refer to and incorporate MLPAs, and that the deal parties' rights and obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 43 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

44.  Wells Fargo states that Paragraph 44 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. The allegations in Paragraph 44 also state characterizations of the sale and transfer of mortgage loans to which no response should be required.  To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except Wells Fargo admits for the Covered Trusts, the Mortgage Loans were transferred to Wells Fargo as Trustee, and Wells Fargo as Trustee and/or Certificate Registrar authenticated the Certificates upon the order of the Depositor.  To the extent Paragraph 44 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

45.  Wells Fargo states that Paragraph 45 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. The allegations in Paragraph 45 state characterizations of the securitization process to which no response should be required.  To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46.  Wells Fargo states that Paragraph 46 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, except that Wells Fargo admits that Wells Fargo's and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 46 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

47.  Wells Fargo states that Paragraph 47 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except Wells Fargo admits that each class or tranche of the Covered Trusts can have a different level of credit risk and reward, including different levels and types of credit enhancement or protection, and different priorities to payment from the cash flows generated by the Mortgage Loans; and that they can be assigned different credit ratings by the credit rating agencies and they sell at different yields or coupons.

48.  Wells Fargo states that Paragraph 48 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 48, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 48 refers to writings, Wells

Fargo refers to those writings for their complete and accurate contents.

49.   Wells Fargo states that Paragraph 49 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements, and that the Governing Agreements for the trusts at issue include a Pooling and Servicing Agreement (PSA) and a Trust Agreement (TA) and related agreements such as Mortgage Loan Purchase Agreements (MLPA) and/or Servicing Agreements (SA). By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 49 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

50.   Wells Fargo states that Paragraph 50 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Causes of Action under the Streit Act and the TIA were dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 50, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the Congressional intent behind the passage of the Trust Indenture Act or the Streit Act. To the extent Paragraph 50 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

51.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, except Wells Fargo admits Plaintiff has selectively

quoted from Section 2.01 of the PSA for ABFC 2006-OPT1. To the extent Paragraph 51 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

52. Wells Fargo states that Paragraph 52 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge and information sufficient to form a believe as to the truth of the allegations contained in Paragraph 52, except Wells Fargo admits the Governing Agreements contain representations and warranties ("R&Ws"). By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves To the extent Paragraph 52 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

53. Wells Fargo states that Paragraph 53 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 53, except Wells Fargo admits the Governing Agreements contain R&Ws.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 53 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

54. Wells Fargo states that Paragraph 54 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 54, except that Wells Fargo admits that Wells Fargo's obligations related

to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 54 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

55.  Wells Fargo states that Paragraph 55 contains characterizations of the Governing Agreements To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 55, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements, and Plaintiff has selectively quoted from Section 2.03 of the ABFC 2006-OPT1 PSA.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves.  To the extent Paragraph 55 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

56.  Wells Fargo states that Paragraph 56 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 56, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements, and Plaintiff has selectively quoted from Section 7.01 of the ABFC 2006-OPT1 PSA.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 56 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

57.  Wells Fargo states that Paragraph 57 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, except that Wells Fargo admits that Wells Fargo's obligations and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements, and that Plaintiff has selectively quoted from sections of the ABFC 2006-OPT1 PSA.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 57 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

58.   Wells Fargo states that Paragraph 58 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 58, except that Wells Fargo admits that Wells Fargo's obligations and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 58 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

59.   Wells Fargo states that Paragraph 59 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, except that Wells Fargo admits that Wells Fargo's obligations and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements, and Plaintiff

has selectively quoted from Section 2.05 of the ABFC 2006-OPT1 PSA.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 59 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

60.  Wells Fargo states that Paragraph 60 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the truth of the allegations contained in Paragraph 60, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 60 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

61.  Wells Fargo states that Paragraph 61 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 61, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements, and Plaintiff selectively quotes from Section 8.01 of the ABFC 2006-OPT1 PSA. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 61 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

62.  Wells Fargo states that Paragraph 62 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the allegations

contained in Paragraph 62, except that Wells Fargo admits that Wells Fargo's obligations and

other deal parties' obligations related to the Trusts have been set forth in the Governing

Agreements.  By way of further response, Wells Fargo incorporates and relies upon the

Governing Agreements, which are written contracts the terms of which speak for themselves. To

the extent Paragraph 62 refers to writings, Wells Fargo refers to those writings for their complete

and accurate contents.

62. Wells Fargo states that Paragraph 63 of the Complaint contains legal conclusions to

which no response from Wells Fargo should be required. To the extent that a response is

required, Wells Fargo denies the allegations contained in Paragraph 63, except Wells Fargo

admits it has a duty to avoid certain conflicts of interest. To the extent Paragraph 63 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

64. Wells Fargo states that Paragraph 64 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was

dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is

required.  To the extent that a response is required, Wells Fargo denies the allegations contained

in Paragraph 64. To the extent Paragraph 64 refers to writings, Wells Fargo refers to those

writings for their complete and accurate contents.

65. Wells Fargo states that Paragraph 65 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was

dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is

required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 65, except Wells Fargo admits the Governing Agreements reference duties of the deal parties prior to an Event of Default. To the extent Paragraph 65 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

66.  Wells Fargo states that Paragraph 66 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 66. To the extent Paragraph 66 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

67.  Wells Fargo states that Paragraph 67 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 67, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 67 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

68.  Wells Fargo states that Paragraph 68 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was

dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 68, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 68 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

69.  Wells Fargo states that Paragraph 69 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 69. To the extent Paragraph 69 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

70.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, except Wells Fargo admits that Paragraph 70 sets forth the Warrantors and Originators of the Covered Trusts as defined in the Governing Agreements. To the extent Paragraph 70 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

71.  Wells Fargo states that Paragraph 71 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, except Wells Fargo admits the closing date of

ABFC 2006-OPT1 was July 1, 2006, (b) the closing date of SASC 2007-BC1 was December 1, 2007, and (c) there was a global financial crisis in and around 2008. To the extent Paragraph 71 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

72.   Wells Fargo states that Paragraph 72 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 72, except Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning alleged warrantor and originator misconduct or to identify the investigations, published reports, and news reports to which Plaintiffs refer in Paragraph 72 or conclusions regarding alleged impacts on the Covered Trusts, and Wells Fargo admits that it did not discover that the Warrantors had breached R&Ws as to the Mortgage Loans in the Covered Trusts. To the extent Paragraph 72 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

73.   Wells Fargo states that Paragraph 73 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73. To the extent Paragraph 73 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

74.   Wells Fargo states that Paragraph 74 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 74, except Wells Fargo admits Wells Fargo published and disseminated

monthly Certificateholder Distribution Summaries and Collateral Files containing information on collateral losses and defaulted loans within the Trusts' loan pools and refers to the Certificateholder Distribution Summaries and Collateral Files for collateral loss and default information. To the extent Paragraph 74 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

75.  Wells Fargo states that Paragraph 75 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 75, except Wells Fargo admits investors filed a lawsuit in February 2009 relating to the SASC 2007-BC1 Trust. To the extent Paragraph 75 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

76.  Wells Fargo states that Paragraph 76 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 76; except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report or the Senate Report, and Wells Fargo admits the FCIC Report was issued in January 2011 and the Senate Report was issued as of April 13, 2011. To the extent Paragraph 76 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

77.  Wells Fargo states that Paragraph 77 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 77, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with

respect to the FCIC Report or the Senate Report. To the extent Paragraph 77 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

78.   Wells Fargo states that Paragraph 78 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 78, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 78. To the extent Paragraph 78 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

79.   Wells Fargo states that Paragraph 79 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 79, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 79. To the extent Paragraph 79 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

80.   Wells Fargo states that Paragraph 80 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 80, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except (a) Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 80 and (b) Wells Fargo admits it received a subpoena from the Federal Housing Finance Agency. To the

extent Paragraph 80 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

81.   Wells Fargo states that Paragraph 81 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 81, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report or the Senate Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 81. To the extent Paragraph 81 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

82.   Wells Fargo denies the allegations contained in Paragraph 82, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 82. To the extent Paragraph 82 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

83.   Wells Fargo states that Paragraph 83 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 83. To the extent Paragraph 83 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

84.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, except Wells Fargo admits Plaintiff has selectively quoted from the FCIC Report in Paragraph 84. To the extent Paragraph 84 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

85. Wells Fargo states that Paragraph 85 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 85, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report or the Clayton Trending Reports. To the extent Paragraph 85 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

86. Wells Fargo states that Paragraph 86 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 86, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report, the Senate Report, or the Clayton Trending Reports. To the extent Paragraph 86 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

87. Wells Fargo states that Paragraph 87 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 87, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the FCIC Report or Senate Report, except Wells Fargo admits the Senate Report was issued as of April 13, 2011 by Senators Carl Levin and Tom Coburn. To the extent Paragraph 87 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

88.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, except Wells Fargo admits Plaintiff has selectively quoted from the Senate Report in Paragraph 88. To the extent Paragraph 88 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

89.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, except Wells Fargo admits Plaintiff has selectively quoted from the Senate Report in Paragraph 89. To the extent Paragraph 89 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

90.   Wells Fargo denies the allegations contained in Paragraph 90. To the extent Paragraph 90 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

91.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, except Wells Fargo admits Plaintiff has selectively quoted from the Senate Report in Paragraph 91. To the extent Paragraph 91 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

92.   Wells Fargo states that Paragraph 92 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 92. To the extent Paragraph 92 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

93.   Wells Fargo states that Paragraph 93 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 93, except Wells Fargo

admits Wells Fargo published and disseminated monthly Certificateholder Distribution

Summaries and Collateral Files containing information on collateral losses and defaulted loans

within the Trusts' loan pools and refers to the Certificateholder Distribution Summaries and

Collateral Files for collateral loss and default information. To the extent Paragraph 93 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

94.   Wells Fargo states that Paragraph 94 of the Complaint contains legal conclusions to

which no response from Wells Fargo should be required. To the extent that a response is

required, Wells Fargo denies the allegations contained in Paragraph 94, except Wells Fargo lacks

information or knowledge sufficient to form a belief as to the truth of the allegations with respect

to the characterizations of the charges in the settlement between Bank of America and the United

States Department of Justice ("DOJ"), and Wells Fargo admits the Bank of America and the DOJ

entered into a Settlement Agreement in August 2014.  To the extent Paragraph 94 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

95.   Wells Fargo states that Paragraph 95 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the truth of the

allegations contained in Paragraph 95, except Wells Fargo admits a complaint was filed in *In re*

*Lehman Bros. Secs. and ER/SA Litig.*, 08-cv-6762 on February 23, 2009. To the extent

Paragraph 95 refers to writings, Wells Fargo refers to those writings for their complete and

accurate contents.

96.   Wells Fargo states that Paragraph 96 of the Complaint contains legal conclusions and

characterizations of the Governing Agreements to which no response from Wells Fargo should

be required. To the extent that a response is required, Wells Fargo denies the truth of the

allegations contained in Paragraph 99, except Wells Fargo admits a complaint was filed in *Fed. Hous. Fin. Agency v. Bank of America Corp., et al.*, No. 11-cv-6195 on September 2, 2011. To the extent Paragraph 96 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

97.   Wells Fargo denies the allegations contained in Paragraph 97. To the extent Paragraph 97 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

98.   Wells Fargo states that Paragraph 98 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 98. To the extent Paragraph 98 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

99.   Wells Fargo states that Paragraph 99 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99. To the extent Paragraph 99 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

100.   Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100. To the extent Paragraph 100 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

101.   Wells Fargo states that Paragraph 101 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 101, except Wells Fargo

lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the specific circumstances of borrowers.

102.  Wells Fargo states that Paragraph 102 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 102.

103.  Wells Fargo states that Paragraph 103 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 103, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 103 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

104.  Wells Fargo states that Paragraph 104 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 104, except that Wells Fargo admits that Wells Fargo's obligations and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 104 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

105.  Wells Fargo states that Paragraph 105 of the Complaint contains legal conclusions

and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 105, except Wells Fargo admits that Paragraph 105 sets forth the Servicers and Master Servicers of the Covered Trusts as defined in the Governing Agreements and Wells Fargo has not terminated or replaced these Master Servicers or Servicers. To the extent Paragraph 105 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

106.  Wells Fargo states that Paragraph 106 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 106, except that Wells Fargo admits that Wells Fargo's obligations and other deal parties' obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 106 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

107.  Wells Fargo denies the allegations contained in Paragraph 107, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of what was reported in 2009. To the extent Paragraph 107 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

108.  Wells Fargo states that Paragraph 108 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth

32

of the allegations contained in Paragraph 108, except Wells Fargo admits a complaint was filed in *Chao, et al. v. Aurora Loan Serv., LLC*, No. 10-cv-03383-PVT (N.D. Cal. Aug. 2, 2010) on August 2, 2010. To the extent Paragraph 108 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

109.  Wells Fargo states that Paragraph 109 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, except Wells Fargo admits an order was issued in *Morgan Chase Bank, N.A. v. Pocopanni, et al.,* No. 16-2008-CA-3989 (Fla. Cir. Ct., Duval Cnty.) on or about August 9, 2010, and plaintiff has selectively quoted from the order. To the extent Paragraph 109 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

110.  Wells Fargo states that Paragraph 110 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, except Wells Fargo admits the Attorney General of Texas filed a Petition Application for Permanent Injunction and Request For Disclosure against AHM Servicing on August 30, 2010 and plaintiff has selectively quoted from a related press release. To the extent Paragraph 110 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

111.  Wells Fargo states that Paragraph 111 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 111, except Wells Fargo

admits it did not have knowledge of SEOTs as to specific Mortgage Loans in the Covered Trusts.

112.   Wells Fargo states that Paragraph 112 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 112, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 concerning what experiences servicers were having. To the extent Paragraph 112 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

113.   Wells Fargo states that Paragraph 113 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 113, except Wells Fargo admits the cases contained in footnote 16 were filed and Plaintiff has selectively quoted from decisions or orders in those cases. To the extent Paragraph 113 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

114.   Wells Fargo states that Paragraph 114 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 114, except Wells Fargo admits a trial court order was issued in *Newitt v. Wells Fargo Bank, N.A.,* No. 213-2011-CV-00173, 2011 N.H. Super. LEXIS 60 (Super. Ct. July 14, 2011) and Plaintiff has selectively quoted from the trial court order. To the extent Paragraph 114 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

115.   Wells Fargo states that Paragraph 115 of the Complaint contains legal conclusions

to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 115, except Wells Fargo admits the cases contained in footnote 17 were filed and Plaintiff has selectively quoted from decisions or orders in those cases. To the extent Paragraph 115 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

116.  Wells Fargo states that Paragraph 116 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 116, except Wells Fargo admits Justice Tanenbaum and Justice Winslow issued orders delaying foreclosures in October and November 2010. To the extent Paragraph 116 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

117.  Wells Fargo states that Paragraph 117 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 117, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to various public news sources referenced in Paragraph 117. To the extent Paragraph 117 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

118.  Wells Fargo states that Paragraph 118 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 118, except Wells Fargo admits Wells Fargo published and disseminated monthly Certificateholder Distribution Summaries and Collateral Files containing information on collateral losses and defaulted loans

within the Trusts' loan pools and refers to the Certificateholder Distribution Summaries and Collateral Files for collateral loss and default information. To the extent Paragraph 118 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

119.  Wells Fargo states that Paragraph 119 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 119. To the extent Paragraph 119 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

120.  Wells Fargo states that Paragraph 120 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 120.

121.  Wells Fargo states that Paragraph 121 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 121, except Wells Fargo admits (a) except Wells Fargo admits that in or around 2011 it entered into a Consent Order with the Office of the Comptroller of the Currency ("OCC"), (b) the Federal Reserve System, the OCC, the Federal Deposit Insurance Corporation, and the Office of Thrift Supervision issued the Interagency Review of Foreclosure Policies and Practices in 2011, and (c) Plaintiff has selectively quoted from the Interagency Review of Foreclosure Policies and Practices in Paragraph 121.  To the extent Paragraph 121 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

122.  Wells Fargo states that Paragraph 122 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo

should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 122, except Wells Fargo admits in April 2011, the Federal Reserve Board brought formal enforcement actions against ten banking organizations, including Wells Fargo, and Wells Fargo, without admitting any of the Comptroller's findings, entered into a consent order with the OCC regarding alleged servicing practices. Wells Fargo further admits Plaintiff selectively quotes from the consent order in Paragraph 122. To the extent Paragraph 122 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

123.  Wells Fargo states that Paragraph 123 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 123, except Wells Fargo admits that the consent order contains certain reforms Wells Fargo agreed to in connection with the consent order.  To the extent Paragraph 123 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

124.  Wells Fargo states that Paragraph 124 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 124, except Wells Fargo admits in April 2011, the Federal Reserve Board brought formal enforcement actions against ten banking organizations, including Wells Fargo, and Wells Fargo, without admitting any of the Comptroller's findings, entered into a consent order with the OCC regarding alleged servicing practices. Wells Fargo further admits Plaintiff selectively quotes from the consent order in Paragraph 124. To the extent Paragraph 124 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

125.  Wells Fargo states that Paragraph 125 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 125, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the Government Foreclosure Report, except Wells Fargo admits Plaintiff has selectively quoted from the Government Foreclosure Report in Paragraph 125. To the extent Paragraph 125 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

126.  Wells Fargo states that Paragraph 126 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent a response is required, Wells Fargo denies the allegations in Paragraph 126, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the Government Foreclosure Report, except Wells Fargo admits Plaintiff has selectively quoted from the Government Foreclosure Report in Paragraph 126. To the extent Paragraph 126 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

127.  Wells Fargo states that Paragraph 127 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent a response is required, Wells Fargo denies the allegations in Paragraph 127, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the Government Foreclosure Report, except Wells Fargo admits Plaintiff has selectively quoted from the Government Foreclosure Report in Paragraph 127. refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

128.  Wells Fargo states that Paragraph 128 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 128. To the extent Paragraph 128 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

129.  Wells Fargo states that Paragraph 129 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 129, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 129 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

130.  Wells Fargo states that Paragraph 130 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 130. To the extent Paragraph 130 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

131.  Wells Fargo states that Paragraph 131 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

131, except Wells Fargo admits (a) that Ocwen has served as servicer to the Covered Trusts and (b) that the New York Department of Financial Services objected to an attempted sale of servicing rights from Wells Fargo to Ocwen and that the deal ultimately was not concluded.

132.  Wells Fargo states that Paragraph 132 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 132, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations characterizing the conclusions of governmental agencies with respect to Ocwen, except Wells Fargo admits partial summary judgment was granted in *Yarney v. Ocwen Loan Servicing, LLC* on March 8, 2013. To the extent Paragraph 132 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

133.  Wells Fargo states that Paragraph 133 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 133, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in or with respect to the Ocwen consent agreement with the Consumer Financial Protection Bureau ("CFPB"), and Wells Fargo admits Ocwen entered into a consent agreement with the CFPB. To the extent Paragraph 133 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

134.  Wells Fargo states that Paragraph 134 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 134.

135.  Wells Fargo states that Paragraph 135 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 135, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether or not Ocwen continued to commit SEOTs.

136.  Wells Fargo states that Paragraph 136 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 136, except Wells Fargo admits Wells Fargo published and disseminated monthly Certificateholder Distribution Summaries and Collateral Files containing information on collateral losses and defaulted loans within the Trusts' loan pools and refers to the Certificateholder Distribution Summaries and Collateral Files for collateral loss and default information. To the extent Paragraph 136 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

137.  Wells Fargo states that Paragraph 137 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 137.

138.  Wells Fargo states that Paragraph 138 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo

denies the allegations contained in Paragraph 138, except Wells Fargo admits it serves as an RMBS trustee for a few hundred trusts. To the extent Paragraph 138 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

139.  Wells Fargo states that Paragraph 139 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 139.

140.  Wells Fargo states that Paragraph 140 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 140, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 140 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

141.  Wells Fargo states that Paragraph 141 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 141, except Wells Fargo admits it services loans in trusts not at issue in this action.

142.  Wells Fargo states that Paragraph 142 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 142, except Wells Fargo admits it was an originator and warrantor of mortgage loans. To the extent Paragraph 142 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

143. Wells Fargo states that Paragraph 143 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Causes of Action under the Streit Act and the TIA were dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.   To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 143. To the extent Paragraph 143 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

144. Wells Fargo states that Paragraph 144 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 144. To the extent Paragraph 144 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

145. Wells Fargo states that Paragraph 145 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 145. To the extent Paragraph 145 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

146. Wells Fargo states that Paragraph 146 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 146. To the extent Paragraph 146 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

147.  Wells Fargo states that Paragraph 147 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 147. To the extent Paragraph 147 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

148.  Wells Fargo states that Paragraph 148 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 148. To the extent Paragraph 148 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

149.  Wells Fargo states that Paragraph 149 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 149, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 149 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

150.  Wells Fargo states that Paragraph 150 of the Complaint contains legal

conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 150, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 150 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

151.  Wells Fargo states that Paragraph 151 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 151, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 151 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

152.  Wells Fargo states that Paragraph 152 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 152, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing

Agreements, which are written contracts the terms of which speak for themselves.  To the extent Paragraph 152 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

153.  Wells Fargo states that Paragraph 153 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 153. To the extent Paragraph 153 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

154.  Wells Fargo states that Paragraph 154 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 154. To the extent Paragraph 154 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

155.  Wells Fargo states that Paragraph 155 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 155. To the extent Paragraph 155 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

156.  Wells Fargo states that Paragraph 156 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 156. To the extent Paragraph 156 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

157.  Wells Fargo states that Paragraph 157 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 157.

158.  Wells Fargo states that Paragraph 158 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 158. To the extent Paragraph 158 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

159.  Wells Fargo states that Paragraph 159 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 159, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 159 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

160.  Wells Fargo states that Paragraph 160 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 160, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements, and Plaintiff has selectively quoted from Section 8.01 of the ABFC 2006-OPT1 PSA.  By

way of further response, Wells Fargo incorporates and relies upon the Governing

Agreements, which are written contracts the terms of which speak for themselves. To the

extent Paragraph 160 refers to writings, Wells Fargo refers to those writings for their

complete and accurate contents.

161.  Wells Fargo states that Paragraph 161 of the Complaint contains legal

conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required. To the extent that a response is required, Wells Fargo

denies the allegations contained in Paragraph 161. To the extent Paragraph 161 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

162.  Wells Fargo states that Paragraph 162 of the Complaint contains legal

conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required. To the extent that a response is required, Wells Fargo

denies the allegations contained in Paragraph 162. To the extent Paragraph 162 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

163.  Wells Fargo states that Paragraph 163 of the Complaint contains legal

conclusions to which no response from Wells Fargo should be required. To the extent that a

response is required, Wells Fargo denies allegations contained in Paragraph 163.

164.  Wells Fargo states that Paragraph 164 of the Complaint contains legal

conclusions and characterizations of the Governing Agreements to which no response from

Wells Fargo should be required.  To the extent that a response is required, Wells Fargo

denies the allegations contained in Paragraph 164. To the extent Paragraph 164 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

165.  Wells Fargo states that Paragraph 165 of the Complaint contains legal

conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 165.

166.  Wells Fargo states that Paragraph 166 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 166. To the extent Paragraph 166 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

167.  Wells Fargo states that Paragraph 167 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 167.

168.  Wells Fargo states that Paragraph 168 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 168, except Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegation that "this is not a collusive action to confer jurisdiction on this Court." To the extent Paragraph 168 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

169.  Wells Fargo states that Paragraph 169 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 169. To the extent Paragraph 169 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

170.  Wells Fargo states that Paragraph 170 of the Complaint contains legal

conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 170, except Wells Fargo admits that Plaintiff did not make a pre-suit demand on Wells Fargo to pursue this action. To the extent Paragraph 170 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

171.  Wells Fargo states that Paragraph 171 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 171, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements. By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves. To the extent Paragraph 171 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

172.  Wells Fargo states that Paragraph 172 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 172. To the extent Paragraph 172 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

## COUNT I

Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017, and therefore no response to the allegations set forth in Plaintiff's First Cause of

Action is required.

173.  Wells Fargo repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

174.  Wells Fargo states that Paragraph 174 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

175. Wells Fargo states that Paragraph 175 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

176.  Wells Fargo states that Paragraph 176 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

177.  Wells Fargo states that Paragraph 177 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

178.  Wells Fargo states that Paragraph 178 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

## COUNT II

179.  Wells Fargo repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

180.  Wells Fargo states that Paragraph 180 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the TIA was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.  To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 180, except that Wells Fargo admits that Wells Fargo's obligations related to the Trusts have been set forth in the Governing Agreements.  By way of further response, Wells Fargo incorporates and relies upon the Governing Agreements, which are written contracts the terms of which speak for themselves.  To the extent Paragraph 180 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

181.  Wells Fargo states that Paragraph 181 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 181. To the extent Paragraph 181 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

182.  Wells Fargo states that Paragraph 182 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 182. To the extent Paragraph 182 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

183.  Wells Fargo states that Paragraph 183 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 183. To the extent Paragraph 183 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

184.  Wells Fargo states that Paragraph 184 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 184.

185.  Wells Fargo states that Paragraph 185 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 185. To the extent Paragraph 185 refers to writings, Wells Fargo refers to those writings for their complete and accurate contents.

186.  Wells Fargo states that Paragraph 186 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 186. To the extent Paragraph 186 refers to

writings, Wells Fargo refers to those writings for their complete and accurate contents.

## COUNT III

187.  Wells Fargo repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

188.  Wells Fargo states that Paragraph 188 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 188.

189.  Wells Fargo states that Paragraph 189 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 189.

190.  Wells Fargo states that Paragraph 190 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 190.

191.  Wells Fargo states that Paragraph 191 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 191.

192.  Wells Fargo states that Paragraph 192 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in Paragraph 192.

## COUNT IV

Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no response to the allegations set forth in Plaintiff's First

Cause of Action is required.

193.  Wells Fargo repeats and re-alleges each and every response set forth in the foregoing paragraphs as if fully set forth herein.

194.  Wells Fargo states that Paragraph 194 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

195.  Wells Fargo states that Paragraph 195 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

196.  Wells Fargo states that Paragraph 196 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

197.  Wells Fargo states that Paragraph 197 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

198.  Wells Fargo states that Paragraph 198 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the

Court's Order dated March 30, 2017 and therefore no answer is required.

199.  Wells Fargo states that Paragraph 199 of the Complaint contains legal conclusions and characterizations of the Governing Agreements to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

200.  Wells Fargo states that Paragraph 200 of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. Wells Fargo further responds that Plaintiff's Cause of Action under the Streit Act was dismissed pursuant to the Court's Order dated March 30, 2017 and therefore no answer is required.

## ANSWER TO PRAYER FOR RELIEF

Wells Fargo states that the Wherefore Clause of the Complaint contains legal conclusions to which no response from Wells Fargo should be required. To the extent that a response is required, Wells Fargo denies the allegations contained in the Wherefore Clause and further denies any entitlement to the relief sought in this action.

## ANSWER TO JURY DEMAND

Wells Fargo denies that Plaintiff is entitled to trial by jury.

## WELLS FARGO BANK, N.A.'S AFFIRMATIVE AND OTHER DEFENSES

Wells Fargo asserts the following affirmative and other defenses. Wells Fargo undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Further, Wells Fargo reserves the right to amend this Answer if additional defenses, counterclaims, or third party claims become apparent through the course of this action.  Further, Wells Fargo reserves the right to assert any and all defenses on

which Wells Fargo does not bear the burden of proof, including but not limited to the defense that Plaintiff has failed to allege facts or a cause of action sufficient to support a claim for attorney's fees and costs.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by its lack of standing.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the no-action clause, the failure to establish an express condition precedent, the clause prohibiting recovery of consequential damages as well as by other terms of the Governing Agreements.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Wells Fargo is entitled to rely conclusively on the truth of statements and the correctness of opinions in certificates or opinions furnished to it in its capacity as Trustee.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the appointment of a separate trustee.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, forfeiture, abandonment, acquiescence, ratification, and/or laches.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of res judicata and/or collateral estoppel.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands and/or in pari delicto.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by judicial estoppel.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the rights, claims, and remedies pursued did not pass to Plaintiff  under applicable law.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the TIA does not apply to the Covered Trusts or certificates issued by the Covered Trusts.

## FOURTEENTH DEFENSE

Plaintiff's TIA and tort claims are barred, in whole or in part, to the extent that they purchased the securities at issue in the secondary market.

## FIFTEENTH DEFENSE

Plaintiff's TIA claim is barred because there is no private right of action under the TIA.

## SIXTEENTH DEFENSE

Plaintiff's state law claims are barred, in whole or in part, because they are preempted by the TIA.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility and/or impracticability, including but not limited to the extent that any enforcement action Plaintiff contends should have been taken by Wells Fargo against an allegedly responsible party would not have yielded any recovery for the Covered Trusts due to the insolvency of the allegedly responsible party or for any other reason.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any and all actions taken by Wells Fargo as Trustee with respect to any of the matters alleged in the Complaint were taken in accordance with established industry practice.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered a loss with regard to its holdings the Covered Trusts.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative to allow recovery and/or because determining whether, or to what extent, Plaintiff was damaged is impossible.

## TWENTY-FIRST DEFENSE

In the event Plaintiff recovers a verdict or judgment against Wells Fargo, said verdict or judgment must be reduced by any applicable collateral source or recovery and any double recovery is prohibited.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they have been released,

settled, resolved through an accord and satisfaction, waived, and/or otherwise compromised.

## TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks equitable relief against Wells Fargo, Plaintiff is not entitled to that relief because Plaintiff has an adequate remedy at law.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by assumption of the risk.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they have not sustained any injury in fact or damages as a consequence of Wells Fargo's alleged actions or inactions.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for damages are barred or should be reduced based on the culpable conduct attributable to Plaintiff.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's asserted damages, if any, were caused by, or were the result of, actions or inactions of parties other than Wells Fargo or parties over whom Wells Fargo had no authority or control.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's asserted damages, if any, were proximately caused by, or were the result of, independent, superseding, or intervening acts of parties or entities other than Wells Fargo or parties or entities over whom Wells Fargo had no authority or control.

## THIRTIETH DEFENSE

The injuries, if any, alleged to have been sustained by the Plaintiffs were caused, in whole or in

part, by the conduct of Plaintiffs, and the amount of damages otherwise recoverable must be diminished by the proportion which Plaintiffs' conduct bears to the alleged conduct which allegedly caused Plaintiffs' damages.

### THIRTY-FIRST DEFENSE

To the extent Wells Fargo is found liable to Plaintiff for any damages, Wells Fargo is entitled to contribution from other parties or entities.

### THIRTY-SECOND DEFENSE

To the extent Wells Fargo is found liable to Plaintiff for any damages, Wells Fargo is entitled to contractual indemnity, pursuant to the terms of the Governing Agreements, or common-law indemnity from other parties or entities.

### THIRTY-THIRD DEFENSE

Plaintiff's class claims are barred, in whole or in part, by its lack of class action standing.

### THIRTY-FOURTH DEFENSE

Plaintiff's class claims are barred, in whole or in part, because it has not and cannot fulfill the requirements of Federal Rule of Civil Procedure 23, including but not limited to the requirements of ascertainability, numerosity, commonality, adequacy, typicality, predominance, or superiority.

\* \* \*

Wells Fargo gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during, or as a result of, discovery in this action.  Wells Fargo reserves its right to amend this Answer to assert those defenses.

\* \* \*

To the extent that any allegation in the Complaint has been neither admitted nor denied, it is hereby expressly denied.

\* \* \*

WHEREFORE, for all of the above listed reasons, Wells Fargo Bank, N.A. respectfully requests that this Court enter Judgment for Wells Fargo Bank, N.A.:

1.  Dismissing Plaintiff's Amended Class Action Complaint and all remaining claims therein with prejudice;

2.  Awarding Wells Fargo Bank, N.A. all of its reasonable costs and expenses, including attorneys' fees, to the extent permitted by law; and

3.  Granting such further and other relief as this Court deems appropriate.

Dated: May 12, 2017

JONES DAY

By: /s/ *Howard F. Sidman*

Jayant W. Tambe, Esq.
Harold K. Gordon, Esq.
Jason Jurgens, Esq.
Howard F. Sidman, Esq.
Tracy Schaffer, Esq.
JONES DAY
250 Vesey Street
New York, NY 10281
Tel:    (212) 326-3939
Fax:    (212) 755-7306
jtambe@jonesday.com
hkgordon@jonesday.com
jjurgens@jonesday.com
hfsidman@jonesday.com
tschaffer@jonesday.com

Traci L. Lovitt, Esq.
JONES DAY
100 High Street
Boston, MA 02110
Tel:    (617) 449-6900
Fax:    (617) 449-6999
tlovitt@jonesday.com

Becky Kcehowski, Esq.
JONES DAY
One Mellon Center
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Tel:   (412) 391-3939
Fax:  (412) 394-7959
rbkcehowski@jonesday.com


*Attorneys for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 12, 2017, I caused the foregoing to be electronically filed with the

Clerk of Court and served upon all counsel of record via the CM/ECF system.


*<u>/s/ Howard F. Sidman</u>*

*Attorney for Wells Fargo Bank, N.A.*