**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Christopher M. Wood
cwood@rgrdlaw.com

January 19, 2018

VIA ECF

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *Royal Park Investments, S.A./NV Wells Fargo Bank, N.A.*,
              No. 1:14-cv-09764-KPF-SN (S.D.N.Y.)

Dear Magistrate Judge Netburn:

      I write on behalf of plaintiff Royal Park Investments SA/NV ("Royal Park") to respectfully request that the Court stay the deadlines set forth in the Final Scheduling Order and Civil Case Management Plan (the "Scheduling Order") (ECF No. 422) solely as they relate to the above-referenced matter, until such time as Royal Park's Motion for Class Certification and Appointment of Class Representative and Class Counsel (the "Class Certification Motion" or "Motion") (ECF No. 339) has been resolved by the District Court.

      As set forth herein, Royal Park respectfully submits that granting the requested relief is necessary to (i) ensure the parties' experts can complete reports relevant and appropriate to the nature of the case; (ii) prevent due process concerns that could result from determinations of the merits prior to certification; and (iii) proportionately complete the remainder of this case.

      On December 8, 2016, Royal Park submitted a letter to the Court requesting a pre-motion conference regarding Royal Park's anticipated motion for class certification. ECF No. 197. Wells Fargo responded to Royal Park's letter, and the Court held a conference on January 3, 2017. *See* ECF No. 210. On January 4, 2017, the Court issued an Order holding that Royal Park could not file any motion for class certification until "fourteen (14) days after Wells Fargo has filed its answer." ECF No. 216. Consistent with the Court's Order, Royal Park's Class Certification Motion was filed on May 26, 2017, and briefing on the Motion was completed on August 2, 2017. ECF Nos. 339, 389.

      On November 3, 2017, the Court issued the Scheduling Order. ECF No. 422. Among other deadlines, the Scheduling Order provides that initial expert reports in this matter shall be served by March 30, 2018 and summary judgment motions shall be filed by January 16, 2019. *Id.* at 2-3. On January 10, 2018, the Court issued a Report & Recommendation recommending that the District Court deny Royal Park's Motion for Class Certification. ECF No. 442. Royal Park intends to object to the Court's Report & Recommendation pursuant to Fed. R. Civ. P. 72(b), and the parties

Robbins Geller
Rudman & Dowd LLP

The Honorable Sarah Netburn
January 19, 2018
Page 2

have submitted a proposed schedule for the completion of any objections to the District Court for approval.

While the Motion remains unresolved, the Court should stay the remaining deadlines in the Scheduling Order. The contents and scope of the parties' expert reports will be dramatically altered should the District Court adopt the Report & Recommendation. Consistent with the Scheduling Order, on December 4, 2017, Royal Park had disclosed its intent to rely on experts who would submit reports regarding class-wide damages, the role of a trustee in an RMBS securitization and the standards of care applicable thereto, and losses to the Covered Trusts caused by deficient loans and servicing. Each of these areas of expert testimony would be substantially altered in the event class certification is ultimately denied. The proposed damages methodology is dependent on the resolution of class certification, and class-wide damages would no longer be relevant without a certified class. The discussion of standards of care relevant to a trustee in an RMBS securitization will be impacted by whether the discussion involves all Certificateholders in a trust or only certain Certificateholders. And the scope of loan and servicing analysis will vary significantly if certification is ultimately denied.

Proceeding under the current Scheduling Order also risks the possibility that the Court could be called on to adjudicate merits questions prior to the time that class certification is ultimately resolved. This raises potential due-process concerns. *See In re Philip Morris Inc.*, 214 F.3d 132, 135 (2d Cir. 2000) (holding "it is 'difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits'" and quoting *Jimenez v. Weinberger*, 523 F.2d 689, 697 (7th Cir. 1975), for the proposition that "'[Rule 23(b)(3)] certainly implies, even if it does not state expressly, that [a class certification] decision should be made in advance of the ruling on the merits'") (citation omitted).

Finally, practicality and proportionality support staying the remaining deadlines in the Scheduling Order until the resolution of class certification, which will dramatically impact the scope of the potential damages at issue. To date, collateral losses in the two Covered Trusts currently total approximately $825 million. The initial face value of Royal Park's two certificates is $6.1 million, less than 1% of the total losses to the Covered Trusts. Staying the remaining deadlines will allow the parties to appropriately allocate their resources in light of the scope of losses at issue.

Royal Park met and conferred with Wells Fargo regarding its request to stay the deadlines set forth in the Scheduling Order and Wells Fargo's position is as follows:

> Wells Fargo does not object to Royal Park's request for a stay of this action until the resolution of the Class Certification Motion as long as Royal Park agrees to stay its related indemnity case against Wells Fargo, *Royal Park Investments, SA/NV v. Wells Fargo Bank, N.A.*, No. 1:17-cv-06687-KPF (S.D.N.Y.), until the resolution of the Class Certification Motion. The related indemnity action is derivative of this case

1354471_1

Robbins Geller
Rudman & Dowd LLP

The Honorable Sarah Netburn
January 19, 2018
Page 3

and it is inefficient and impractical to advance that case ahead of this one. However, Royal Park has not agreed to stay the indemnity case and, accordingly, Wells Fargo cannot agree to stay this case.

For all these reasons, Royal Park requests that the Court stay the deadlines set forth in the Scheduling Order, solely as they relate to the above-referenced matter, until such time as the Motion has been resolved by the District Court.

Respectfully submitted,

Christopher M. Wood

CMW:jpk

cc: All Counsel (via ECF)

1354471_1